**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

COREY SANDERS
ADC # 113737                                                                                        PLAINTIFF


V.                                    5:05CV00075 JMM/HDY


LARRY NORRIS, Director, Arkansas Department of Correction;
JAMES GIBSON, Disciplinary Hearing Officer, Arkansas
Department of Correction; GAYLON LAY, Warden, Cummins
Unit, Arkansas Department of Correction; LORIE TAYLOR,
Disciplinary Hearing Officer, Arkansas Department of Correction;
KELLY BEATTY, Drug Testing Coordinator, Cummins Unit,
Arkansas Department of Correction; K.E. LUCKETT, Assistant Warden,
Cummins Unit, Arkansas Department of Correction                                      DEFENDANTS


**ORDER**

Plaintiff, an inmate of the Arkansas Department of Correction, initiated this § 1983 action by filing a Complaint (docket entry # 1), alleging claims related to a disciplinary conviction. As a result of the conviction, he suffered punishments including the loss of his prison law clerk position, and was ultimately transferred to the Tucker Maximum Security Unit. The undersigned dismissed the entire cause of action, pursuant to *Wycoff v. Nichols*, 94 F. 3d 1187 (1996), because the disciplinary was ultimately reversed at the administrative level, therefore rectifying any denial of due process. The Eighth Circuit Court of Appeals affirmed in part, but reversed the decision for consideration of the question whether additional due process protections were required prior to transfer to a maximum security unit, as discussed by the U.S. Supreme Court in *Wilkinson v. Austin*, 125 S. Ct. 2384 (2005).

1

Accordingly, the matter was referred to Magistrate Judge H. David Young, and an evidentiary issue on the question presented was scheduled for December 12, 2006. However, at the hearing, Plaintiff stated his intention to voluntarily dismiss the remainder of his cause of action, stating that the issue of his transfer had been mooted by his move to the Varner Unit, where he is currently incarcerated. Plaintiff stated on the record that he understood that such a dismissal would be with prejudice to any right to re-file the cause of action at a later date, and that he had been offered no promises or inducements, nor suffered any threats or coercion, to entice him to dismiss the action. Defendants offered no objection. Therefore, for all these reasons, Plaintiff's request to voluntarily dismiss this cause of action is GRANTED, and this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this  12  day of December, 2006.

_____
UNITED STATES DISTRICT JUDGE